### CARNEGIE STEEL CO. v. MUGLER.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

FRAUDS, STATUTE OF (§ 106\*)—SALE OF GOODS—SUFFICIENCY OF MEMORANDUM.

     A letter, "Referring to telephone conversation we had with you to-day regarding your order of May 14th, \* \* \* on which we made you a promise of shipment as per conversation had with you over the telephone, and also conversation our Mr. F. had with you of about one week after receipt as telephoned, \* \* \* we cannot enter this order \* \* \* unless you favor us with financial statement which was sent to you on May 14th," does not acknowledge that any such contract as was contained in the written order of May 14th was made, except on terms stated orally,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so that the letter is not a complete written memorandum of the contract, and hence will not remove the bar of the statute of frauds as against the writer.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 193, 210, 211; Dec. Dig. § 106.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Carnegie Steel Company against August Mugler. Judgment for defendant, and plaintiff appeals. Reversed.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Charles MacVeagh, of New York City (W. W. Corlett and Henry M. Kidder, both of New York City, of counsel), for appellant.

Harry E. Herman, of New York City, for respondent.

LEHMAN, J. The plaintiff brought an action for the sum of $62.76, the agreed price of certain goods sold and delivered. The defendant counterclaimed for the sum of $135.89 for the breach of a contract to deliver certain other goods. The trial justice gave judgment for the defendant for the sum of $73.13, the difference between the amount of the counterclaim and the amount demanded by plaintiff in its complaint. The plaintiff appeals from the judgment, on the ground that the counterclaim should have been dismissed.

The alleged contract upon which the defendant based its counterclaim was for the sale of goods worth over $50, and to sustain the judgment the defendant was bound to produce a memorandum signed by the plaintiff. For this purpose he produced a letter, signed by the plaintiff, which reads:

"Referring to telephone conversation we had with you to-day regarding your order of May 14th, covering 10" channels on which we made you a promise of shipment as per conversation had with you over the telephone, and also conversation our Mr. Falk had with you of about one week after receipt as telephoned to your representative on May 14th, we cannot enter this order on regular terms unless you favor us with financial statement which was sent to you on May 14th. Our Mr. Falk had several conversations with you regarding this matter, and we advised you a number of times that we could not ship the material without having this statement. We understand from your telephone advice to-day that you do not desire us to do anything further with this order, and we have therefore canceled same."

There is no dispute but that the order of May 14th was in writing and contained all the terms of a complete contract, which would be enforceable if signed by the plaintiff. The letter of May 21st sufficiently incorporates this order to constitute a memorandum of the contract if it acknowledges that such a contract was made, even though it attempts at the same time to cancel or repudiate liability under that contract. I think it is evident, however, that it completely fails to acknowledge such a contract. On the contrary, it shows that the promise to fulfill that order was made only as per telephone conversation and other conversations, and it is quite apparent that it repudiates any contract, except upon terms stated in those conversa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tions. The letter is, therefore, not a written memorandum of a complete contract, but resort must be had to parol to determine the terms upon which the order was to be booked. It follows that the counterclaim should have been dismissed.

Judgment should be reversed, with costs, counterclaim dismissed, and judgment directed for plaintiff for $62.76, with appropriate costs in the court below. All concur.